UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                 Case No.:   8:17-CR-266-T-23JSS

JOSEPH BISHOP
_____/

## DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE BASED UPON AN ILLEGAL SEARCH AND SEIZURE WITH INCORPORATED MEMORANDUM OF LAW AND REQUEST FOR EVIDENTIARY HEARING

COMES NOW, the Defendant, **JOSEPH BISHOP**, by and through undersigned counsel, pursuant to the Fourth Amendment of the United States Constitution and Fed.R.Cr.P. 12(b)(3), and hereby moves this Honorable Court for its Order suppressing as evidence at trial any and all evidence seized from a search of the person and a vehicle of the Defendant on February 23, 2017, including but not limited to a Taurus PT 9mm pistol, a Bersa Thunder, 380 caliber pistol, and 25 rounds of both .9mm and .380 caliber ammunition. As grounds in support thereof, Mr. Bishop shows as follows:

### FACTUAL BACKGROUND

On February 23, 2017, Tampa Police Officer Matthew Drumsta observed a black Dodge Durango truck traveling Southbound on 40th Street in Tampa, Florida,

1

Hillsborough County. Officer Drumsta noticed that the vehicle's tag light was non-operative and in violation of Florida law, and conducted a traffic stop at the street intersections of 40th Street and 19th Avenue.

Upon approaching the vehicle, Officer Drumsta encountered two individuals in the vehicle, the driver, Ziyad A. Afif, and the right front seat passenger and owner of the vehicle, Mr. Joseph Bishop, the defendant. The Officer informed both gentlemen of the reason for the stop, the tag light violation, Mr. Afif provide his information and Mr. Bishop informed that he just purchased the vehicle and was looking for the proof of purchase papers. Mr. Bishop also informed the Officer that Mr. Afif was driving do to Mr. Bishop having several beers and did not think it was wise to drive. The Officer took both gentlemen's information and returned to the squad car to run their information.

While running the background information Officer Drumsta learned that Mr. Bishop had a prior conviction from 1999 for felon in possession of a firearm in Hillsborough County and an issue with firearms being retrieved by law enforcement from Mr. Bishop's property in 2016, although no charges were filed. At this time another Tampa Police unit arrived as backup, Officer Michael Hinson arrived, and was advised by Officer Drumsta of the computer notations concerning Mr. Bishop's criminal history and it was his intention that he was going to ask Mr. Bishop to

search both his person and the vehicle.

Upon returning to the vehicle on the passenger side Officer Drumsta asked Mr. Bishop if he had anything illegal in the vehicle which Mr. Bishop replied "No". Officer Drumsta then asked for permission to search both his person and the vehicle to which Mr. Bishop then replied "No that he would not consent to a search of his person or the vehicle". Mr. Bishop then inquired why if this was a stop for my tag light are you trying to search me and my car. Officer Drumstra informed him he had a criminal record for gun possession and Mr. Bishop again refused any search of his person or his vehicle.

Officer Drumsta then opened the door of Mr. Bishop's vehicle which was unlocked now that it was parked, and ordered Mr. Bishop out of the vehicle. Mr. Bishop not wanting this to escalate stepped out of the vehicle. Officer Hinson went over to the driver side and ordered that Mr. Afif get out of the vehicle as well, which Mr. Afif complied.

As he stepped out of his vehicle Mr. Bishop had the purchase paperwork for the vehicle, stood alongside the vehicle as Officer Drumsta stood next to him. Officer Drumsta began looking and padding down the pockets of Mr. Bishop as he stood there and felt some type of sharp object, which when pulled out of Mr. Bishop's right front pants pocket was a small pocket knife. Further padding down of Mr.

3

Bishop revealed a metal object under his waistband which Mr. Bishop advised was a firearm.

Officer Drumstra seized the firearm and Mr. Bishop was then placed in handcuffs and a full search was conducted. A second firearm was found by Officer Hinson in his left front pants pocket. Mr. Bishop was then arrested a subsequent search of his vehicle some other items related to the firearms.

Mr. Bishop was arrested and charged with being a felon in possession of a firearm, which was found in the vehicle. Mr. Bishop contends that based upon the foregoing that the subsequent search of his person and the vehicle driven had just purchased and the discovery of the firearm are in fact likewise fruit of the poisonous tree. Per *Wong Sun v. United States*, 371 U. S. 471,183 S. Ct. 407(1963) and must be suppressed

## MEMORANDUM OF LAW

**THE SUBSEQUENT SEARCH OF MR. BISHOP AND THE VEHICLE DRIVEN WAS ILLEGAL AND VIOLATED THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

The Fourth Amendment protects individuals from unreasonable search and seizure. The law is well-established that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment - subject only to a few specifically established and

well-delineated exceptions." *Katz v. United States,* 389 U. S .347, 367, 88 S. Ct 507,519 (1967); *Arizona v. Gant*, 556 U. S. 332, 129 S. Ct 1710(2009). The warrant requirement should never be taken lightly or viewed as nothing more than a formality. This as the Supreme Court noted in *Chimel v. California*, 395 U. S. 752, 760, 89 S. Ct 2034, 2039(1969), quoting, *McDonald v. United State*s, 335 U. S. 451, 455-456, 69S. Ct. 191,193 (1948).

One judicially-recognized exception to the warrant requirement is consent to search given by one that has authority to give it. Whether an individual's consent to a warrantless search was given is a question of fact that must be decided in light of the totality of the circumstances. See *United States v. Purcell*, 236 F. 2d 1274 (11th Cir. 2001). The Government bears the proving that the consent was not a function of acquiescence to a claim lawful authority, but rather was freely and voluntarily given. See *Florida v. Royer*, 460 U. S. 491(1983); *United States v Tovar-Rico*, 61 F. 3d 1529 (11th Cir. 1995).

Mr. Bishop contends that the evidence will show that at no time did he ever consent to a search of either his person or his vehicle. In fact the evidence will show that Mr. Bishop continually refused the search of his person and the vehicle. Further that only after the detaining Officer opened the door and ordered him out of the vehicle, not wanting this encounter to escalate to a point of force or violence, did

he get out of his vehicle.

And despite getting out of the vehicle Mr. Bishop further contends he was not consenting to the requested search. The evidence will show that Officer Drumstra began patting down Mr. Bishop, going into his pockets until the items in questioned were found and seized. At best, Mr. Bishop was now acquiescing to unlawful Police Authority.

The Government will probably, once this Honorable Court determines that consent was not lawfully given, argue that the Officers have authority to order Mr. Bishop to get out of his vehicle. Mr. Bishop contends that this is not lawful either.

Mr. Bishop would cite to *Rodriguez v. United States*, 135 S. Ct 1609 (2015). This case completely differs factually from the case before the Court, however is cited for the precedence it establishes. Specifically in *Rodriguez* at 135 S. Ct 1617, law enforcement must be able to point to some reasonable suspicion to prolong the stop or in essence to bring a canine to the scene to have a dog sniff conducted. Since a dog sniff was, eventually acknowledged by the Government in *Rodriguez, Id* at 1618, not part of the routine measures and or ordinary incidences of a traffic stop, it cannot be considered part of the detaining officer's traffic mission. Adherence to the reasonable suspicion requirement, which is a "touchstone of the Fourth Amendment," must be evident in order for the officer's further action to be lawful.

*Id.*

In this case, Officer Drumstra almost immediately after finding out that Mr. Bishop has a criminal conviction for possession of a firearm from 1999, and a 2016 issue with a gun in Hillsborough, decided to extend this traffic stop and request to search Mr. Bishop. Initially, Mr. Bishop provided the information needed, advised that he was the owner and that he had just recently purchased the vehicle, and even explained why he was not driving the vehicle. Officer Drumstra would not be able to point to any other showing of reasonable suspicion to enhance this traffic violation stop into a search of Mr. Bishop's person or his property.

Finally as stated the Government will argue that the Officers have authority to order Mr. Bishop out of his vehicle based upon the computer generated information of his prior criminal history. Mr. Bishop alone contends that this alone is insufficient to give rise to reasonable suspicion to attempt to detain for a search. *United States v. Bentley*, 152 Fed. Appx.824 (11th Cir.2005). *Bentley*, at 152 Fed.App.829, Criminal history *alone* is insufficient to give rise to the necessary reasonable suspicion. See *United States v. Wood,* 106 F. 3d 942, 948(10th Cir.1997)

Based upon the foregoing Mr. Bishop contends that he never consented to the search of either his person or his vehicle, absent this law enforcement had no right the search and as a result violated his Fourth Amendment Rights as both

unreasonable and unlawful. In addition, the circumstances giving rise to the search are not founded upon principles of reasonable suspicion giving rise to the extended and overreaching actions of law enforcement. As such, the evidence of the firearms seized must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407 (1963).

**WHEREFORE**, the Defendant, **JOSPEH BISHOP**, respectfully moves this Honorable Court to set an evidentiary hearing on this matter and, following said hearing, to enter an Order excluding from the introduction of any and all unlawfully seized evidence from Mr. Bishop and the vehicle he was driving. The Defense certifies that the Government opposes this motion. Further the Defense certifies that this motion will be dispositive of this case.

DATED this 7th day of August 2017.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*/s/ Howard C. Anderson*
Howard C. Anderson
Florida Bar No.: 0130176
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
 Telephone: (813) 228-2715
 Facsimile: (813)228-2562
 Email: Howard_Anderson@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of August, 2017, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to Assistant United States Attorney Kaitlin O'Donnell, Office of the United States Attorney, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602.

*/s/ Howard C. Anderson*
Howard C. Anderson
Assistant Federal Defender